## HADASSAH J. BANGS

*vs.*

## WATERVILLE AND FAIRFIELD RAILWAY AND LIGHT COMPANY.

## Kennebec.    Opinion April 5, 1899.

*Lease.    Water.    Recoupment.    Evidence.*

In defense to two suits to recover the rent, for different periods of time, reserved by a written lease, the defendant set up, in the nature of a recoupment, an alleged breach of this covenant in the lease; "Said lessor hereby covenants and agrees to furnish said lessee or its assigns, from the canal next above Ticonic bridge, and at a point in said canal opposite the building above described, and during the continuance of this lease, and for any term for which the same may be renewed, water for power sufficient to run a water-wheel or wheels having a capacity of and producing at least two hundred horse power."

*Held;* That the burden of proving this alleged breach was upon the defendant: that although the defendant satisfactorily proved that the power actually transmitted by the water-wheels operated by it fell short of the amount stipulated in the plaintiff's covenant, that this proof does not sustain the defendant's proposition, as this lack of power transmitted might result from a variety of causes wholly within the control of the defendant; and the court is satisfied from all the evidence in the case that sufficient water was furnished in the canal opposite the building leased to produce at least 200 horse power.

The plaintiff's right to use the water of the Kennebec river at this point for power was created by a lease from the Ticonic Water Power and Manufacturing Company, the predecessor in title of the present owner of the dam to the water right at this dam, whereby there was leased "at the raceway in Waterville of the Reddington Grist Mill (so-called) water equal to a one hundred horse power, also at the same place water equal to another one hundred horse power if so much may be obtained at that place, but so much as shall equal two hundred horse power in all, if there attainable." *Held;* that there is no evidence in the case tending to show that water to the full extent named has not been obtainable at this place.

*Also, held;* that if according to the true construction of this lease under which the plaintiff's rights were acquired, the amount of the water for power obtainable depends upon and is limited by the capacity of the tail-race at the Reddington Grist Mill to vent water from the wheel-pit, that the great preponderance of the evidence in the case is to the effect that the capacity of the tail-race is sufficient to vent water enough to produce two hundred horse power.

On Report.

The case appears in the opinion.

*C. F. Johnson, H. M. Heath* and *C. L. Andrews,* for plaintiff.

*E. F. Webb,* for defendant.

Sitting: Emery, Haskell, Whitehouse, Wiswell, Strout, Fogler, JJ.

Wiswell, J. Two actions of assumpsit to recover the rent reserved, for different periods of time, in a written lease, dated November 5, 1887, from the plaintiff to the Waterville Electric Light and Power Company, and assigned to the defendant, November 1, 1891. The two cases were tried together and are reported for this court to order such judgment in each case as the law and the evidence may require.

The lease demised, for a term of twenty years, premises situated on the west side of the Kennebec river in the city of Waterville, known as the Reddington Grist Mill. The lease contains this clause: "Said lessor hereby covenants and agrees to furnish to said lessee or its assigns, from the canal next above Ticonic bridge, and at a point in said canal opposite the building above described, and during the continuance of this lease, and for any term for which the same may be renewed, water for power sufficient to run a water wheel or wheels having a capacity of and producing at least two hundred horse power."

The defendant sets up as a claim in the nature of recoupment a breach of the plaintiff's covenant above quoted in regard to the amount of water to be furnished. The burden of proving the alleged breach is upon the defendant. It is claimed that this burden has been sustained by evidence both as to the amount of water furnished for power and also as to the nature and extent of the plaintiff's rights in the water power at this point, which, it is claimed, shows that she did not and could not control the water of the Kennebec river for power to the extent named in her covenant.

It is true, that the defendant introduced satisfactory evidence to the effect that the power actually transmitted by the water-wheels

operated by it fell short of the amount provided for in the plaintiff's covenant. This is shown by tests, as to the substantial correctness of which there appears to be no controversy. But the difficulty with the evidence is that it does not sustain the defendant's proposition. The fact that substantially accurate measurements of the power developed shows less than two hundred horse power, does not prove that water sufficient to develop that amount of power was not furnished. This might result from a variety of causes wholly within the control of the defendant, such as the kind, quality and number of water-wheels used, their location, arrangement and management, the manner in which the water was turned from the "point in said canal opposite the building" into the wheel-pit. So that evidence of this nature can not be considered sufficient to prove the breach of covenant relied upon. While upon the other hand, we are satisfied from the whole evidence in the case that sufficient water was furnished in the canal opposite the building leased to produce at least two hundred horse power.

The plaintiff's right to use the water of the Kennebec river at this point for power was created by a lease from the Ticonic Water Power and Manufacturing Company, the predecessor in title of the present owner, the Lockwood Company, to the water rights at this dam. The important portion of which lease is as follows: The Ticonic Water Power and Manufacturing Company, for the considerations hereafter mentioned, hereby let and lease to Dennis L. Milliken of Waterville, his heirs and assigns, at the raceway in Waterville of the Reddington Grist Mill (so-called) water equal to a one hundred horse power, also at the same place water equal to another one hundred horse power if so much may be obtained at that place, but so much as shall equal two hundred horse power in all, if there attainable, which horse power shall be rated at seventy-five per cent of the theoretical horse power of the head and fall as developed at the said Grist Mill raceway, which theoretical horse power shall be estimated by some competent Hydraulic Engineer, if the parties can not agree upon it.

There is no evidence in the case tending to show that water to the full extent named has not been obtainable at this place. This

lease having been given by the predecessor in title of the present owner of the dam, there would seem to be no reason why those holding under this lease should not have the first and superior right to use a sufficient amount of the water of the Kennebec River to create the two hundred actual horse power provided for.

But if according to the true construction of this lease, under which the plaintiff's rights were acquired, the amount of the water for power obtainable depends upon and is limited by the capacity of the tail-race at the Reddington Grist Mill to vent water from the wheel-pit, then the result would not be changed, because the great preponderance of the evidence in the case is to the effect that the capacity of the tail-race is sufficient to vent water sufficient in quantity to produce two hundred horse power.

In the lease from the plaintiff she covenants to furnish water sufficient to run " a water-wheel or wheels having a capacity of and producing at least two hundred horse power." In the lease under which she claims, she acquired, "if there attainable," water sufficient to produce two hundred actual horse power, the proportion between theoretical and actual horse power being fixed at 100 to 75; as the case shows that water-wheels of ordinary efficiency develop 80% of the theoretical power, it would follow that in the lease given by her she demised no more than she acquired under the lease from the Ticonic Company assigned to her.

The plaintiff is consequently entitled to a judgment in each case for the rent sued for, together with interest.

*Judgment accordingly.*